# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:17-cr-20841-UU

UNITED STATES OF AMERICA,

v.

NELSON DEL RIO RODRIGUEZ,

   Defendant.

_____/

## ORDER

THIS CAUSE is before the Court on Defendant's *pro se* Motion for Compassionate Release (D.E. 26) (the "Motion").

THE COURT has considered the Motion, pertinent portions of the record, and is otherwise fully advised in the premises.

## BACKGROUND

On January 24, 2018, Defendant pleaded guilty to (1) conspiracy to possess with intent to distribute five grams or more of methamphetamine and detectable amounts of cocaine base, (2) possession with intent to distribute a detectable amount of cocaine base, (3) possession with intent to distribute five grams of more of methamphetamine, (4) possession with intent to distribute 50 grams of more of methamphetamine its salts, isomers and salts of its isomers, and (5) possession with intent to distribute five grams of more of methamphetamine its salts, isomers and salts of its isomers. *See* D.E. 21; 23. On March 30, 2018, the Court sentenced Defendant to a total of 165 months in prison and 10 years of supervised release. D.E. 21. His guideline imprisonment range was 262 to 327 months. PSI ¶ 103. At the time of sentencing, Defendant was considered a career offender. D.E. 24 at 2:24; PSI ¶ 22. He had 10 criminal history points and a criminal history

1

category of 6. PSI ¶ 53–54. Defendant has three prior robbery convictions—these convictions are from the 1980s and early 1990s and were not assigned any criminal history points—and approximately 14 prior convictions for cocaine possession and related crimes. PSI ¶¶ 27–52. The Court remarked at sentencing that: "The problem is he's just got this huge criminal history. It looks mostly as though he's a drug addict. But there is some violence. And then, on top of it, on the other side of the ledger, he's got all these physical problems." D.E. 24 at 4: 17–20. Defendant is 64 years old with a projected release date of July 27, 2029.

On March 27, 2020, Defendant requested compassionate release from the Warden of his facility. D.E. 30-1. On April 4, 2020, the Warden denied Defendant's Request. D.E. 30-2. Through the instant Motion, Defendant seeks compassionate release in light of COVID-19 because "[he] is 65 years old, [he is] at the last stage of diabetes, [his] blood pressure is at the highest level, and [he is] a very sick person. [He] also [has been] diagnosed with osteoporosis, [he] suffer[s] daily [due] to the extreme pain caused by this uncomfortable sickness, and [he is] about to lose his feet." D.E. 26. The Government opposes the Motion, arguing that although Defendant's medical circumstances are extraordinary and compelling, compassionate release is not justified because Defendant does not have a viable release plan and the 18 U.S.C. § 3553(a) factors weigh against his release. D.E. 28. Defendant then submitted his release plan, in which he states he would live with his brother upon his release. D.E. 32.

## LEGAL STANDARD

The First Step Act of 2018 (the "Act") went into effect on December 21, 2018. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the Act, prisoners could file motions for compassionate release with the BOP, and only the Director of the BOP could file motions for compassionate release with the court. Section 603(b) of the Act modified 18 U.S.C. §

3582(c)(1)(A) to "increase[e] the use and transparency of compassionate release." Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. Section 3582(c)(1)(A) now permits a prisoner to file a motion for compassionate release directly with the court:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

A sentence reduction under Section 3582(c)(1)(A) is consistent with the Sentencing Commission's applicable policy statement where "extraordinary and compelling" reasons merit the reduction and the defendant is not a danger to any person or to the community. U.S.S.G. § 1B1.13(2) & cmt. n.1. Extraordinary and compelling reasons include:

> **(A)** Medical Condition of the Defendant.
> **(i)** The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(ii)** The defendant is—
> **(I)** suffering from a serious physical or medical condition,
> **(II)** suffering from a serious functional or cognitive impairment, or
> **(III)** experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

>    **(B)** Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>    **(C)** Family Circumstances
>    >    **(i)** The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>    >    **(ii)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>    
>    **(D)** As determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)

U.S.S.G. § 1B1.13, cmt. n.1. Thus, before reducing a sentence under Section 3582(c)(1)(A)(i), a sentencing court must do three things: (1) find that extraordinary and compelling reasons warrant such a reduction; (2) find that the defendant is not a danger to any person or to the community; and (3) consider the statutory sentencing factors set forth in Section 3553(a).

## DISCUSSION

As an initial matter, although Defendant did not appeal the Warden's denial of Defendant's request for release, the Government concedes that Defendant has nevertheless satisfied the statutory administrative exhaustion requirement. D.E. 28 at 6. ("On April 4, 2020, the Warden denied Defendant's Request. (Exhibit B). Within that denial, Defendant was notified that he could appeal through the Administrative Remedy Program. Defendant has not filed an appeal; however, since 30 days has passed Defendant is considered to have exhausted all administrative remedies."). Regardless, extraordinary and compelling circumstances are not present to warrant a reduction in sentence, Defendant has a lengthy criminal history, and Defendant has served less than a fifth of his sentence.

Defendant makes several conclusory assertions regarding his health to support his claim of extraordinary and compelling circumstances. Defendant has an extensive and well documented

4

history of diabetes, *see generally* D.E. 30, and alleges that he is a "very sick person" and "at the last stage" of diabetes. D.E. 26.[1] Although Defendant suffers from diabetes, which the CDC recognizes as leading to a higher risk of serious illness from COVID-19,[2] without more, this is insufficient to establish compelling circumstances. Compassionate release, even in light of COVID-19, is reserved for truly extraordinary and compelling cases.[3] Defendant accordingly fails to meet his burden to establish eligibility for a sentence reduction. *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

Further, the Government argues that Defendant is a danger to the community because of the nature of his crime (he sold 87.81 grams of ICE and 12 grams of cocaine base), and that serving only 18.8% of his sentence is inadequate in light of the Section 3553(a) factors. D.E. 28. This Court agrees that Defendant has failed to carry his burden with respect to the Section 3553(a)

---

[1] Defendant's medical history notes that he refuses recommended adjustments in medication for his diabetes. D.E. 30.

[2] CTRS. FOR DISEASE CONTROL & PREVENTION, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last updated July 17, 2020) (individuals who are over 65 years old or suffer from "serious heart conditions," asthma, hypertension, type 2 diabetes, chronic lung issues, "chronic kidney disease being treated with dialysis," liver disease, severe obesity, or are immunocompromised, are among those at a higher risk of becoming seriously ill due to COVID-19).

[3] *See United States v. Resnick*, No. 14 CR 810 (CM), 2020 U.S. Dist. LEXIS 59091, 2020 WL 1651508 (S.D.N.Y. Apr. 2, 2020) (granting compassionate release to 65-year-old defendant who suffered from diabetes and end-stage liver disease, where defendant had served about half of his 6-year sentence for fraud convictions); *United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 U.S. Dist. LEXIS 58718, 2020 WL 1627331 (E.D. Pa. Apr. 1, 2020) (granting compassionate release to defendant who had diabetes, hypertension, and liver issues); *United States v. Gonzalez*, No. 2:18-CR-0232-TOR-15, 2020 U.S. Dist. LEXIS 56422, 2020 WL 1536155 (E.D. Wa. Mar. 31, 2020) (granting compassionate release to 64-year-old defendant who had COPD and emphysema); *United States v. Zukerman*, No. 16 Cr. 194 (AT), 2020 WL 1659880 (S.D.N.Y. Apr. 3, 2020) (granting compassionate release to 75-year-old defendant who served nearly 4 years of a 70-month tax fraud sentence and suffered from diabetes, hypertension, and obesity); *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 U.S. Dist. LEXIS 59255, 2020 WL 1540325 (S.D. Tex. Mar. 30, 2020) (granting compassionate release to defendant who suffered from diabetes, hypertension, and end-stage renal disease); *United States v. Slavkovic*, No. 1:16-cr-20171-UU, D.E. 131 (S.D. Fla. May 8, 2020) (granting compassionate release to 59-year-old defendant who suffered from tuberculosis and pulmonary granuloma resulting in significant lung scarring).

factors. Defendant has a lengthy criminal history and at the time of sentencing was considered a career offender. D.E. 24 at 2:24. Upon evaluating the Section 3553(a) factors, this Court holds that a reduction in sentence is unmerited.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion, D.E. 26, is DENIED.

ORDERED AND ADJUDGED that the Motion to Seal, D.E. 29, is GRANTED.

DONE AND ORDERED in Chambers, Miami, Florida, this 30th day of July, 2020.

*/s/ Ursula Ungaro*
_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:
Nelson Del Rio Rodriguez, *pro se*
counsel of record via cm/ecf